| | |
|---|---|
| **MARK S. HENLEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **ORDER** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

THIS MATTER comes now before the Court on Plaintiff Mark S. Henley's Motion for Summary Judgment (Doc. No. 10); Defendant Commissioner's Motion for Summary Judgment (Doc. No. 15); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17) that respectfully recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. After this Court granted Plaintiff's Motion for Extension of Time, Plaintiff filed objections to the M&R (Doc. No. 20), and Defendant filed a reply to Plaintiff's Objections (Doc. No. 21). This matter is now ripe for review. For the reasons set forth, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

## I. BACKGROUND

Plaintiff does not lodge any specific objections to the procedural history section contained in the M&R. Likewise, Plaintiff does not specifically object to the ALJ findings of fact regarding Plaintiff's medical history. Therefore, the portion of the M&R entitled "Procedural History" is hereby adopted and incorporated by reference as if fully set forth herein.

On January 17, 2008, Plaintiff filed an application for Supplemental Security Income ("SSI") alleging that he became disabled on January 1, 2005. (Tr. 139-147)  Plaintiff subsequently amended his onset date to December 19, 2008.  (Tr. 23, 45, 166).  Plaintiff's application was denied initially and on reconsideration.

The Administrative Law Judge ("ALJ") issued a decision on February 17, 2010, that denied Plaintiff benefits.  (Tr. 20-31).  As part of his determination, the ALJ made the following findings: Plaintiff had not engaged in substantial gainful activity since his amended onset date; Plaintiff's ailments, although "severe," did not medically meet or equal any of those listed in Social Security's "Listing of Impairments," 20 C.F.R. Pt. 404, Subpt. P, App. 1; Plaintiff retained the Residual Functional Capacity ("RFC") to perform medium work, under specified limitations (Tr. 27); and Plaintiff could perform jobs existing in significant numbers in the national economy.  (Tr. 29-30). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 30).

After the Appeals Council denied Plaintiff's request for further administrative review, Plaintiff filed this present action.  The parties submitted cross dispositive Motions for Summary Judgment and Magistrate Judge David Cayer presented the aforementioned M&R, which held that the ALJ correctly found that Plaintiff was not disabled, as substantial evidence existed to make that ultimate determination.

## II. STANDARD OF REVIEW

### A.  Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401

(1971), and (2) whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g) (2006); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990); <u>Rhyne v. Astrue</u>, 3:09-CV-412-FDW-DSC, 2011 WL 1239800 at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." <u>Hays</u>, 907 F.2d at 1456; <u>Rhyne</u>, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>Rhyne</u>, 2011 WL 1239800 at *2. Thus, if this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

**B. Review of the Magistrate Judge's Memorandum and Recommendation**

In this case, the M&R recommended that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's determination be affirmed. The M&R found that there was "substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC and his ultimate determination that Plaintiff was not disabled." (Doc. 17 at 16).

The Federal Magistrate Act states that a district court "shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir.1983). *De novo* review is not required, however, "when a party makes general or conclusory objections that

do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, no review is required of those portions of the M&R which are not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)).

Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200. Based on the foregoing, the Court has thoroughly reviewed the M&R and conducted a *de novo* review of those parts of the M&R that are subject to an objection.

### III. ANALYSIS

Plaintiff raises four objections to the M&R's findings and conclusions. The Court will review each of Plaintiff's objections in turn, combining the second and third objections as both present the same argument merely at different levels of abstraction. Following *de novo* review, the Court finds all of Plaintiff's objections to be equally without merit.

### A. Weight Given to Dr. Christenbury's Opinions

Plaintiff first points to the M&R's supposedly errant conclusion that the ALJ gave proper weight to Dr. Christenbury's opinion. Plaintiff argues that as the treating physician, if Dr. Christenbury's opinion is not afforded "controlling weight," it should at least receive "great weight." Further, after the ALJ gave the opinion less than controlling weight, Plaintiff alleges that the ALJ failed to comply with the regulating factors set forth in 20 C.F.R. § 416.927(d)(2) (now 20 C.F.R. § 416.927(c)(2))(enumerating factors to be considered when affording an opinion less that controlling weight).

The Fourth Circuit has noted that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); Turman v. Astrue, 3:09-CV-468-FDW-DSC, 2010 WL 4683918, *3 (W.D.N.C. Nov. 10, 2010). Further, a treating source's opinion that rests upon a claimant's less-than-candid subjective complaint is entitled to minimal probative value. See Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005); Mastro, 270 F.3d at 178. Dr. Christenbury's opinion contradicted copious amounts of substantial evidence found in the record, including progress notes from Veteran's Affairs Medical Center ("VAMC"), "other notations" from the VAMC, and records from Plaintiff's group therapy sessions. Unlike Dr. Christenbury's opinion, which "opined on several marked areas of limitation," the VAMC progress notes reported only moderate symptoms and noted several areas of improvement, consistent with the ALJ findings. Further, Dr. Christenbury based her opinion largely on Plaintiff's subjective reporting. (Tr. 29, 1361). Therefore, the ALJ correctly used its discretion in affording Dr. Christenbury's opinion less than controlling weight.

Plaintiff further alleges that, after treating Dr. Christenbury's opinion with less than appropriate dignity, the ALJ ignored the regulating factors set forth in 20 C.F.R. § 416.927(c) that are to be used when determining what weight to give a non-controlling opinion. In reviewing these factors, this Court finds that they were implicitly considered and have no further bearing on the final outcome of either the M&R or the ALJ's decision. A close examination of the factors is appropriate:

- *Length of treatment relationship and the frequency of examination (42 U.S.C. § 416.927(c)(i))*: An opinion will receive more weight if it comes from a source that has a lengthy relationship with the patient than it would if it came from a nontreating

source. Here, it was in the Commissioner's discretion to give less weight to the opinion from the doctor closest to the patient, since that opinion contradicted substantial evidence.

- *Nature and extent of the treatment relationship (42 U.S.C. § 416.927(c)(ii))*: An opinion will receive more weight if it comes from a source that has more knowledge about the patient's impairment than other sources do. Again, in this case, it was in the Commissioner's discretion to give less weight to the opinion from the most knowledgeable doctor, since that opinion contradicted substantial evidence.

- *Supportability (42 C.F.R. § 416.927(c)(3))*: The weight an opinion is given correlates with the amount of relevant evidence that supports it. Here, relevant evidence conflicted with Dr. Christenbury's opinion, thereby qualifying it for less-than-controlling treatment.

- *Consistency (42 C.F.R. § 416.927(c)(4))*: The weight an opinion is given correlates with how consistent it is with the record as a whole. Here, Dr. Christenbury's evidence was inconsistent with the record, which is why it received less-than-controlling treatment.

- *Specialization (42 C.F.R. § 416.927(c)(5))*: The Commissioner gives more weight to opinions that come from specialists. This factor is irrelevant, since both doctors were psychiatrists.

- *Other factors (42 C.F.R. § 416.927(c)(6))*: The Commissioner "will consider any factors [the claimant] or others bring to [his] attention, or of which [he] is aware, which tend to support or contradict the opinion." No such "other" factors exists in the present case. Plaintiff has cited nothing further beyond the fact that Dr.

Christenbury was the treating physician as to why the Court should especially find her opinion to be controlling.

Even though neither the M&R nor the ALJ gave these factors explicit treatment, the respective opinions stand. In finding that Dr. Christenbury's opinion contradicted substantial evidence, the Commissioner implicitly ruled that the opinion failed each of the aforementioned factors. This Court finds that all factors were considered in the reasoning behind the decision. Therefore, Plaintiff's argument fails.

Plaintiff is also unsatisfied with the term the ALJ used to describe the amount of weight it was giving to Dr. Christenbury's opinion: "relatively little." In support of this argument, Plaintiff cites to Jones v. Astrue, 1:09CV061, 2010 WL 3657896 (W.D.N.C. Sept. 14, 2010), which does support the rule that it is the ALJ's "statutory and exclusive duty" to make a definitive assessment. Id. at *12. However, in that case, the argument focused on a qualitative term used when obtaining testimony from the vocational expert ("V.E."), not on how much weight the ALJ gave to a physician's opinion. This court finds that "relatively little" qualifies as a definitive weight assessment and meets all standards set forth in 20 C.F.R. § 416.927 (stating that an opinion is either given controlling or non-controlling weight).

## B. Hypothetical Presented to the Vocational Expert

Plaintiff misconstrues the M&R's findings with regards to the hypothetical presented to the V. E. The M&R agreed with Plaintiff, as does this Court, that "the ALJ's hypothetical question could have been more precisely aligned with the RFC." (Doc. 17 at 12). However, the M&R noted that "any error stemming from the discrepancy is not cause for remand since there is sufficient evidence in the record to support the ALJ's ultimate determination." Doc. 17 at 12 (citing to Dover v. Astrue, No. 1:11CV120, 2012 WL 1416410, *5 (W.D.N.C. Mar. 19, 2012) ("even assuming that

the ALJ did err, such error by the ALJ was harmless because the remand would not lead to a different result.")).

Specifically, Plaintiff argues that the ALJ did not state in its hypothetical how much time in between periods of standing Plaintiff needed to recover and/or rest. The ALJ found through examination of objective evidence, including V.E. findings, that Plaintiff had the capacity to perform "medium work" for six to eight hours a day with a specific limitation that he stand no longer than one hour at a time. (Doc. 17 at 10-11). This Court finds there are at least two hours that Plaintiff can intermittently utilize as resting times during the eight-hour workday. The amount of time in between each hour of standing did not need to be specifically alleged in the hypothetical in order for the V.E.'s determination to be reliable.

## C. Alleged Violation of SSR 00-4p

Finally, Plaintiff contends that the M&R incorrectly held that the ALJ complied with SSR 00-4p, which requires an explanation from the V.E. for the conflict between the V.E.'s testimony and the Dictionary of Occupational Titles ("DOT") and an explanation in how the conflict was resolved. This Court agrees with the M&R that no such conflict existed. At least one job ("Cook Helper") can be performed by Plaintiff despite his numerous limitations. Even if there are other inconsistencies between the V.E.'s testimony and the DOT, the significant amount of "Cook Helper" positions available both nationwide and locally would render the argument for remand warrantless. Even though the DOT did not discuss the sit/stand requirements, Plaintiff has been cleared to stand and walk for six to eight hours a day, as long as he can rest in between each hour of standing. The ALJ was therefore correct in making the factual findings necessary to support the decision that Plaintiff was not disabled.

## IV. CONCLUSION

In conclusion, the Commissioner correctly applied the law, and the Commissioner's decision denying Plaintiff's application for Supplemental Security Income was based on substantial evidence. THEREFORE, the Court OVERRULES Plaintiff's objections (Doc. No. 20), ACCEPTS and ADOPTS the M&R (Doc. No. 17), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 10), GRANTS Defendant's Motion for Summary Judgment (Doc. No. 15), and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: July 10, 2012

Frank D. Whitney
United States District Judge